ADAM GORDON
United States Attorney
ANDREW SHERWOOD
Assistant U.S. Attorney
California Bar No. 342419
New York Bar No. 4518106
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-9690
Email: andrew.sherwood@usdoj.gov

Attorneys for United States of America



FILED

APR 2 8 2026

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>          v.<br><br>ELUID CAMPOS JR. (1),<br><br>                    Defendant. | Case No. 25CR4263-TWR<br><br>**PLEA AGREEMENT** |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Adam Gordon, United States Attorney, and Andrew Sherwood and Lawrence Casper, Assistant United States Attorneys, and Defendant Eluid Campos Jr., hereinafter "Defendant" or "Campos"), with the advice and consent of John Kirby, Esq., counsel for Defendant, as follows:

//
//
//
//
//

Plea Agreement                                         Def. Initials _E.C._

# I

## THE PLEA

### A.    THE CHARGES

Defendant agrees to plead guilty to Count 3 of the Superseding Information charging Defendant with Distribution of 400 grams or more of N-phenyl-N-[1-(2-phenylethy)-4-piperidinyl] propanamide (fentanyl) to wit: approximately 501.29 grams of N-phenyl-N-[1-(2-phenylethy)-4-piperidinyl] propanamide (fentanyl), a Schedule II Controlled Substance; in violation of Title 21 United States Code, Section 841(a)(1).

Defendant agrees that, following entry of Defendant's guilty plea, the Government need not hold or preserve any evidence seized in connection with this case, including but not limited to: any firearms, ammunition, cash, cellphones or vehicles seized in connection with this case. If the court has issued a preservation order in connection with any seized evidence, Defendant will request that the Court lift or revoke the preservation order following entry of Defendant's guilty plea.

The Government agrees to (1) move to dismiss the remaining charges without prejudice when Defendant is sentenced, and (2) not prosecute Defendant thereafter on such dismissed charges unless Defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. If Defendant breaches this agreement or the guilty plea is set aside, section XII below shall apply.

### A.    ELEMENTS EXPLAINED

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

**Count 3 –Distribution of Fentanyl [21 U.S.C. §§ 841(a)]**

      1.    The defendant knowingly distributed N-phenyl-N-[1-(2-phenylethy)-4-piperidinyl] propanamide (fentanyl); and

      2.    The defendant knew it was fentanyl or some other federally controlled substance

For purposes of sentencing, the Government would have to prove, beyond a reasonable doubt, that the amount of fentanyl involved in the offense was at least 400 grams of fentanyl.

As to the forfeiture for Count 3, Defendant understands the Government would have to prove by a preponderance of the evidence that the properties it seeks to forfeit are property, real and personal, which constitute or are derived from proceeds of the offense, or are property, real and personal, which were used to facilitate or were intended to be used to facilitate the commission of the offense.

B.    ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

      1.    On or about January 30, 2025, within the Southern District of California, defendant Eluid Campos ("Campos" or "Defendant") did knowingly and intentionally distribute federally controlled substances, that is, defendant distributed 400 or more grams of N-phenyl-N-[1-(2-phenylethy)-4-piperidinyl] propanamide (fentanyl).

      2.    Defendant admits that he arranged to sell firearms and fentanyl to another individual on January 30, 2025.

Plea Agreement                                    3

3.  Defendant admits that he set the location for the gun and fentanyl distribution outside his residence.

4.  Defendant admits that when the other individual arrived at Defendant's residence, Defendant came out of his residence pulling a wagon that contained firearms.

5.  Defendant admits that he went back into his residence and retrieved fentanyl to sell to the other individual.

6.  Defendants admits that he stored the firearms and narcotics in his residence.

7.  Defendant admits that he sold the other individual firearms and approximately 501.29 grams of fentanyl for $8,600.

8.  Defendant admits that he knew the controlled substance that he distributed was fentanyl.

9.  Defendant further admits that, while possessing said fentanyl, he also possessed a firearm, namely, a machine gun.

### III

### PENALTIES

The crime to which Defendant is pleading guilty carries the following penalties:

**Count 3 – Distribution of Fentanyl [21 U.S.C. §§ 841(a)]**

A.  a mandatory minimum of 10 years in prison, and a maximum of life in prison;

B.  a maximum $10,000,000 fine;

C.  a mandatory special assessment of $100 per count;

D.  a term of supervised release of at least 5 years and a maximum term of life. Failure to comply with any condition of supervised release may result in revocation of supervised release,

Plea Agreement                    4

requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release;

E.   forfeiture of all property, real and personal, which constitutes or is derived from proceeds of the offenses, and all property, real and personal, which was used to facilitate or was intended to be used to facilitate the commission of the offenses; and,

F.   possible ineligibility for certain federal benefits.

## IV
## DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A.   Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.   A speedy and public trial by jury;

C.   The assistance of counsel at all stages;

D.   Confront and cross-examine adverse witnesses;

E.   Testify and present evidence and to have witnesses testify on behalf of Defendant; and,

F.   Not testify or have any adverse inferences drawn from the failure to testify.

## V

## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be

Plea Agreement                          5

required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI

### DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A.    Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B.    No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C.    No one has threatened Defendant or Defendant's family to induce this guilty plea.

D.    Defendant is pleading guilty because Defendant is guilty and for no other reason.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will

Plea Agreement                                6

bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The Government has not made and will not make any representation about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the Government at sentencing also is not

binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

X

**PARTIES' SENTENCING RECOMMENDATIONS**

A.    SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

| | | | |
|---|---|---|---|
| 1. | Base Offense Level [§ 2D1.1(c)(5)] | | 30* |
| 2. | Possession of a Firearm [§ 2D1.1(b)(1)] | | +2 |
| 3. | Acceptance of Responsibility [§ 3E1.1] | | −3 |

*If defendant is determined to be a career offender pursuant to USSG § 4B1.1(a), the applicable base offense level shall be determined pursuant to USSG § 4B1.1(b). Furthermore, the defendant will be ineligible for any role reduction. Further, Defendant agrees that, due to his possession of a firearm, he does not qualify for the "safety valve" in § 5C1.2.

B.    ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1.    Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2.    Falsely denies prior criminal conduct or convictions;

3.    Is untruthful with the Government, the Court or probation officer; or

Plea Agreement                                8

4.    Breaches this plea agreement in any way.

C.    FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

The parties may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government may oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D.    NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to Defendant's Criminal History Category.

E.    "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F.    PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The United States will recommend a sentence within the advisory Guideline range as calculated by the Government at the time of sentencing; or, if the statutory mandatory minimum sentence applies and is greater than the high end of the Guideline range, then the Government will recommend the mandatory minimum.

G.    SPECIAL ASSESSMENT, FINES, FORFEITURE

The parties will jointly recommend that Defendant pay special assessments in the total amount of $100.00, to be paid forthwith at time of sentencing. Special assessments shall be paid through the office

Plea Agreement                           9

of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

H.    FINE

The parties will not recommend imposition of a fine due to Defendant's limited financial prospects and because the cost of collection, even taking into account the Inmate Responsibility Program, likely would exceed the amounts that could reasonably be expected to be collected.

I.    SUPERVISED RELEASE

The parties will jointly recommend a term of supervised release. If the Court imposes a term of supervised release, Defendant agrees that he will not later seek to reduce or terminate early the term of supervised release until he has served at least 2/3 of his term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment and restitution judgment.

J.    FORFEITURE

Defendant's conviction will include forfeiture.

1.    Penalty. In addition to the penalties in the plea agreement, federal law states Defendant must forfeit to the United States all firearms and ammunition involved in the offenses, as well as any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of the offenses, including but not limited to:

- Romarm/Cugir model: WASR-10, a 7.62 caliber rifle bearing serial number 10254582A
- North China Industries model: SKS, a 7.62 caliber rifle bearing serial number 10254482A

- Aero Precision model: M16A4: a 5.56 caliber rifle bearing serial number 00012004
- Glock GMBH model: 21Gen4, .45 caliber pistol bearing serial number BLWR539
- one Ruger model: P90, .45 caliber pistol bearing serial number 661-97284
- Sarsilmaz model: SAR 9X, 9-millmeter pistol bearing serial number T1102-21BV29046
- One non-serialized, privately made (PMF) Glock-style pistol;
- Machinegun Conversion device (MCD)
- 17 Design & Manufacturing, LLC. model: 17DM-15, 5.56 caliber rifle bearing serial number 21-16422
- Glock, model 27 Gen 4, .40 caliber pistol, bearing serial number: BFBR756
- Glock, model 21 Gen 5, .45 caliber pistol, bearing serial number: BYWC041
- Glock, model 19 Gen 5, 9-millimeter pistol, bearing serial number: CBFM376
- American Tactical Imports, model Omni Hybrid, multi caliber pistol, bearing serial number: NS421787
- American Tactical Imports, model Omni Hybrid, multi caliber pistol, bearing serial number: NS421833
- One American Tactical Imports, model Omni Hybrid, multi caliber pistol, bearing serial number: NS401028
- Any and all ammunition seized

2. <u>Immediate Entry of Preliminary Order of Forfeiture.</u> Defendant consents and agrees to the immediate entry of a preliminary order

Plea Agreement                    11

of forfeiture upon entry of the guilty plea. Defendant agrees that upon entry of the preliminary order of forfeiture, such order shall be final as to Defendant's interests in the property. Defendant agrees to immediately withdraw any claims in pending administrative or civil forfeiture proceedings to the property seized in connection with this case that are directly or indirectly related to the criminal conduct. Defendant agrees to execute all documents requested by the Government to facilitate or complete the forfeiture process. Defendant further agrees not to contest, or to assist any other person or entity in contesting, the forfeiture of property seized in connection with this case. Contesting or assisting others in contesting the forfeiture shall constitute a material breach of the plea agreement, relieving the Government of all its obligations under the agreement including but not limited to its agreement to recommend an adjustment for Acceptance of Responsibility.

3.   Entry of Orders of Forfeiture and Waiver of Notice. Defendant consents and agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Court accepts the guilty plea(s).

4.   Waiver of Constitutional and Statutory Challenges. Defendant further agrees to waive all constitutional and statutory challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this agreement, including any claim that the forfeiture constitutes an excessive fine or punishment under the

Plea Agreement                              12

United States Constitution. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States and to testify truthfully in any judicial forfeiture proceeding.

5. Agreement Survives Defendant; No Forfeiture Abatement. Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

## XI

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any forfeiture or restitution order. The only exception is: Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If Defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

## XII

### BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness

that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

1.  Failing to plead guilty pursuant to this agreement;

2.  Failing to fully accept responsibility as established in Section X, paragraph B, above;

3.  Failing to appear in court;

4.  Attempting to withdraw the plea;

5.  Filing any substantive motion after the plea is entered;

6.  Failing to abide by any court order related to this case;

7.  Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

8.  Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Plea Agreement                                14

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

**XIII**

**CONTENTS AND MODIFICATION OF AGREEMENT**

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

**XIV**

**DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//

## XV

## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

ADAM GORDON
United States Attorney

4/10/26
_____
DATED

_____
ANDREW SHERWOOD
LAWRENCE A. CASPER
Assistant U.S. Attorneys

4/8/26
_____
DATED

_____
JOHN KIRBY
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

04/08/26
_____
DATED

_____
ELUID CAMPOS JR.
Defendant

Approved by:

/s/Lawrence Casper
_____
Lawrence Casper
Assistant U.S. Attorney

Plea Agreement                    16